IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RICHELE OCHOA,

    Plaintiff,

v.                                                  No. 1:22-cv-00602-MIS-LF

SAN JUAN COUNTY BOARD OF
COUNTY COMMISSIONERS, individually,
as a singular entity, and in their official capacities,

    Defendant.

### ORDER DENYING LEAVE TO FILE FIRST AMENDED COMPLAINT

Before the Court is "Plaintiff's Motion for Leave to File First Amended Complaint" ("Motion") [ECF No. 43], filed June 5, 2023 by Plaintiff Richele Ochoa ("Plaintiff"). Therein, Plaintiff seeks leave to amend her complaint to add details to Counts II and III and correct the spelling of the names of Defendants Havel and York (from Tom Havel to Thomas Havel and from Sergeant Yorke to Michael York). ECF No. 43 at 2. The Motion is opposed.[1] *Id.*

Under Federal Rule of Civil Procedure ("Rule") 15(a)(2), after twenty-one days have elapsed since service, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether leave to amend should be granted, the court can consider the following factors: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies

---

[1] Although a response has yet to be filed directly opposing the Motion, it is not needed for the Court to rule on the Motion. *See Hall v. City & Cnty. of Denver*, 200 F. App'x 754, 758 (10th Cir. 2006). The Court deems it unnecessary to await a response and Defendants suffer no prejudice by the Court's decision in their favor.

1

by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court must have substantial reason to deny a request for leave to amend. *See id.*

The Court determines that allowing amendment would be futile. The Court provided Plaintiff with a permissive extension of time to serve the complaint on Defendants Havel and York, as Plaintiff failed to timely serve them as required by Rule 4(m). ECF No. 33. Plaintiff thereafter failed to serve Defendants Havel and York by the extended deadline and thus, Defendants Havel and York were dismissed as defendants without prejudice. ECF No. 34. At the hearing held on April 6, 2023, the Court advised Plaintiff that it had exercised its discretion to grant a permissive extension, in part, because the effect of dismissing Plaintiff's claims without prejudice against Defendants Havel and York for failure to serve them timely would be to effectively dismiss Plaintiff's claims *with* prejudice because those claims would be time-barred by the statute of limitations.

Plaintiff seeks to revive her 42 U.S.C. 1983 claims against Defendants Havel and York in the proposed amended complaint. The statute of limitations for a Section 1983 claim in New Mexico is three years. *Schrader v. Richardson*, 461 F. App'x 657, 660 (10th Cir. 2012). The incidents at issue in the complaint allegedly occurred in 2018, and therefore, the claims against Defendants Havel and York are time-barred by the applicable statute of limitations.

Accordingly, it is **HEREBY ORDERED** that "Plaintiff's Motion for Leave to File First Amended Complaint" [ECF No. 43] is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE